Order Filed on
**12/23/2004**
by Clerk U.S. Bankruptcy
Court District of New Jersey

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>KB-2492<br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br>25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>(201) 489-1536 Telecopier<br>Attorneys for Debtor-in-Possession |
| In the Matter of:<br><br>CAPE MAY CARE CENTER, INC.,<br><br>          Debtor-in-Possession. |
| In the Matter of:<br><br>TNS NURSING HOMES OF PENNSYLVANIA,<br>INC. d/b/a BOULEVARD NURSING HOME,<br><br>          Debtor-in-Possession. |

Case Nos. 00-41945 and 00-40028 (NLW)

Hearing Date: December 20, 2004

Judge: Novalyn L. Winfield

**ORDER: (i) APPROVING CARVEOUT FROM SECURED CREDITOR'S COLLATERAL FOR PAYMENT OF CERTAIN PROFESSIONAL FEES; (ii) REDUCING ADMINISTRATIVE CLAIM OF THE NEW JERSEY DEPARTMENT OF LABOR; (iii) AUTHORIZING THE DEBTORS TO DISTRIBUTE REMAINING ESTATE ASSETS; AND (iv) DISMISSING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 1112(b)**

The relief set forth on the following page(s), numbered two (2) through five (5), is hereby **ORDERED**.

**DATED: 12/23/2004**

_____
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

37249/0003-1360932v2

(Page 2)

| | |
|---|---|
| Debtor: | CAPE MAY CARE CENTER, INC. and TNS NURSING HOMES OF PENNSYLVANIA, INC. d/b/a BOULEVARD NURSING HOME |
| Case No: | 00-41945 (NLW) AND 00-40028 (NLW) |
| Caption of Order: | ORDER: (i) APPROVING CARVEOUT FROM SECURED CREDITOR'S COLLATERAL FOR PAYMENT OF CERTAIN PROFESSIONAL FEES; (ii) REDUCING ADMINISTRATIVE CLAIM OF THE NEW JERSEY DEPARTMENT OF LABOR; (iii) AUTHORIZING THE DEBTORS TO DISTRIBUTE REMAINING ESTATE ASSETS; AND (iv) DISMISSING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 1112(b) |

**THIS MATTER** having been opened to the Court upon (a) the motion of the United States Trustee for an Order converting or dismissing the Chapter 11 cases of TNS Nursing Homes of Pennsylvania, Inc. d/b/a Boulevard Nursing Home ("Boulevard") and Cape May Care Center, Inc. ("Cape May"), the within Debtors-in-Possession (collectively, the "Debtors"); and (b) the cross-motion of the Debtors, through their attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz"), for an Order: (i) approving a carveout from the collateral of the Debtors' secured lender, HCR Pool III Funding Corporation ("HCR"), for the payment of certain professional fees; (ii) reducing Claim No. 63 of the New Jersey Department of Labor; (iii) authorizing the Debtors to distribute all assets remaining in their estates; (iv) dismissing the Debtors' Chapter 11 cases pursuant to 11 U.S.C. § 1112(b); and (v) granting the Debtors such other and further relief as the Court deems just and proper (the "Cross-Motion"); and good and sufficient notice of the Motion having been provided, as evidenced by the Affidavit of Service filed with the Court; and the Court having considered all the pleadings in support of the Motion, including the Debtors' Application in support of the Motion dated December 13, 2004 (the "Application") as well as any objections to the Motion; and a hearing having been held on December 20, 2004; and it appearing that good cause exists for the entry of this Order;

IT IS ORDERED as follows:

37249/0003-1360932v2

*Approved by Judge Novalyn L. Winfield December 23, 2004*

(Page 3)

| | |
|---|---|
| Debtor: | CAPE MAY CARE CENTER, INC. and TNS NURSING HOMES OF PENNSYLVANIA, INC. d/b/a BOULEVARD NURSING HOME |
| Case No: | 00-41945 (NLW) AND 00-40028 (NLW) |
| Caption of Order: | ORDER: (i) APPROVING CARVEOUT FROM SECURED CREDITOR'S COLLATERAL FOR PAYMENT OF CERTAIN PROFESSIONAL FEES; (ii) REDUCING ADMINISTRATIVE CLAIM OF THE NEW JERSEY DEPARTMENT OF LABOR; (iii) AUTHORIZING THE DEBTORS TO DISTRIBUTE REMAINING ESTATE ASSETS; AND (iv) DISMISSING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 1112(b) |

1. The United States Trustee's motion be and is hereby withdrawn.

2. The Debtors' Cross-Motion be and is hereby granted.

3. The Carveout, as described in the Application, be and is hereby approved.

4. Claim No. 63 of the New Jersey Department of Labor be and is hereby reduced to $55,897.99

5. The Debtors be and are hereby authorized and directed to distribute the funds remaining in their respective estates, pursuant to Exhibits A and B to this Order.

6. Other than the distributions referenced in Exhibits A and B to this Order, no creditor shall have any claim of any kind, or be entitled to a distribution of any kind, from the Debtors, their respective estates, HCR, Cole Schotz, or the law firm of Booker, Rabinowitz, Trenk, Lubetkin, Tully, DiPasquale & Webster, P.C. ("Booker Rabinowitz"), and any such claims are hereby released.

7. Upon entry of this Order and completion of the distributions referenced in Exhibits A and B to this Order, the Debtors, their estates, their respective shareholders, officers and directors, Cole Schotz, the Creditors' Committee, and Booker Rabinowitz, shall be deemed to have released HCR, its shareholders, officers and directors, from any and all actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts,

37249/0003-1360932v2

*Approved by Judge Novalyn L. Winfield December 23, 2004*

(Page 4)

| | |
|---|---|
| Debtor: | CAPE MAY CARE CENTER, INC. and TNS NURSING HOMES OF PENNSYLVANIA, INC. d/b/a BOULEVARD NURSING HOME |
| Case No: | 00-41945 (NLW) AND 00-40028 (NLW) |
| Caption of Order: | ORDER: (i) APPROVING CARVEOUT FROM SECURED CREDITOR'S COLLATERAL FOR PAYMENT OF CERTAIN PROFESSIONAL FEES; (ii) REDUCING ADMINISTRATIVE CLAIM OF THE NEW JERSEY DEPARTMENT OF LABOR; (iii) AUTHORIZING THE DEBTORS TO DISTRIBUTE REMAINING ESTATE ASSETS; AND (iv) DISMISSING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 1112(b) |

controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims (including claims as defined in § 101(5) of the Bankruptcy Code) and demands whatsoever, in law, admiralty or equity (collectively and as utilized herein, the "Claims"), which any of them ever had, now has or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Order.

8.  Upon entry of this Order and completion of the distributions referenced in Exhibits A and B to this Order, HCR, its shareholders, officers and directors shall be deemed to have released the Debtors, their estates, their respective shareholders, officers, and directors, Cole Schotz, the Creditors' Committee, and Booker Rabinowitz, from any and all actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims (including claims as defined in § 101(5) of the Bankruptcy Code) and demands whatsoever, in law, admiralty or equity (collectively and as utilized herein, the "Claims"), which any of them ever had, now has or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Order.

| | |
|---|---|
| (Page 5) | |
| Debtor: | CAPE MAY CARE CENTER, INC. and TNS NURSING HOMES OF PENNSYLVANIA, INC. d/b/a BOULEVARD NURSING HOME |
| Case No: | 00-41945 (NLW) AND 00-40028 (NLW) |
| Caption of Order: | ORDER: (i) APPROVING CARVEOUT FROM SECURED CREDITOR'S COLLATERAL FOR PAYMENT OF CERTAIN PROFESSIONAL FEES; (ii) REDUCING ADMINISTRATIVE CLAIM OF THE NEW JERSEY DEPARTMENT OF LABOR; (iii) AUTHORIZING THE DEBTORS TO DISTRIBUTE REMAINING ESTATE ASSETS; AND (iv) DISMISSING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 1112(b) |

9. The Debtors' Chapter 11 cases be and are hereby dismissed pursuant to 11 U.S.C. § 1112(b); provided, however, that the Court shall retain jurisdiction to adjudicate any remaining fee applications.

10. The releases referenced in paragraphs 5, 6, and 7 of this Order shall survive the dismissal of the Debtors' Chapter 11 cases.

# EXHIBIT A

**TNS NURSING HOMES OF PENNSYLVANIA, INC.
d/b/a BOULEVARD NURSING HOME**

| CREDITOR | TYPE OF CLAIM | AMOUNT OF CLAIM | DISTRIBUTION[1] |
|---|---|---|---|
| HCR Pool III Funding Corporation | Secured | $376,277.26[2] | $208,228.00 |
| Cole, Schotz, Meisel, Forman & Leonard, P.A. | Carveout | $122,038.12[3] | $102,049.68 |
| Booker, Rabinowitz, Trenk, Lubetkin, Tully, DiPasquale & Webster, P.C. | Carveout | $25,681.42[4] | $20,422.91 |
| City of Philadelphia | Administrative | $60,000.00 | $14,536.21 |
| AFI Food Service, Inc. | Administrative | $3,937.85 | $954.02 |
| Cole, Schotz, Meisel, Forman & Leonard, P.A. | Administrative (Balance of fees after carveout) | $19,988.44 | $4,842.61 |
| Booker, Rabinowitz, Trenk, Lubetkin, Tully, DiPasquale & Webster, P.C. | Administrative (Balance of fees after carveout) | $5,258.51 | $1,273.98 |

---

[1] The distributions herein are based on the sum of $352,307.41 in Boulevard's estate. To the extent any additional interest has accrued since the filing of the Debtors' Cross-Motion, the pro rata distribution to administrative creditors shall be adjusted accordingly. The pro rata distribution to administrative creditors may also be adjusted to account for the existence of administrative claims other than those listed above.

[2] This represents the full amount of HCR's secured claim against both Boulevard and Cape May.

[3] The scheduled amount of Cole Schotz's claim herein is premised upon the entry of an Order granting the firm's final fee application in full. To the extent that Cole Schotz is awarded less than the full amount of its requested compensation and reimbursement of expenses, this schedule shall be adjusted accordingly.

[4] The scheduled amount of Booker Rabinowitz's claim herein is premised upon the entry of an Order granting the firm's final fee application in full. To the extent that Booker Rabinowitz is awarded less than the full amount of its requested compensation and reimbursement of expenses, this schedule shall be adjusted accordingly.

37249/0003-1360932v2

*Approved by Judge Novalyn L. Winfield December 23, 2004*

## EXHIBIT B

## CAPE MAY CARE CENTER, INC.

| CREDITOR | TYPE OF CLAIM | AMOUNT OF CLAIM | DISTRIBUTION[5] |
|---|---|---|---|
| HCR Pool III Funding Corp. | Secured | $376,277.26[6] | $16,772.00 |
| Cole, Schotz, Meisel, Forman & Leonard, P.A.[7] | Carveout | $147,548.93 | $8,349.53 |
| Booker, Rabinowitz, Trenk, Lubetkin, Tully, DiPasquale & Webster, P.C. | Carveout | $66,742.74 | $1,515.14 |
| Amper, Politziner & Mattia | Administrative | $3,000.00 | $3,000.00[8] |
| Cole, Schotz, Meisel, Forman & Leonard, P.A. | Administrative (Balance of fees after carveout) | $139,199.40 | $13,905.02 |
| Booker, Rabinowitz, Trenk, Lubetkin, Tully, DiPasquale & Webster, P.C. | Administrative (Balance of fees after carveout) | $65,227.60 | $6,515.76 |
| New Jersey Division of Taxation | Administrative | $12,000.00 | $1,198.71 |
| New Jersey Department of Labor | Administrative | $55,897.99 | $5,583.80 |

---

[5] The distributions herein are based on the sum of $56,839.96 in Cape May's estate. To the extent any additional interest has accrued since the filing of the Debtors' Cross-Motion, the pro rata distribution to administrative creditors ("Pro Rata Distribution") shall be adjusted accordingly. The Pro Rata Distribution may also be adjusted to account for the existence of administrative claims other than those listed above.

[6] This is the full amount of HCR's secured claim against Cape May and Boulevard.

[7] The scheduled amounts of Cole Schotz's and Booker Rabinowitz's claims herein are premised upon the entry of Orders granting those firms' final fee applications in full. To the extent either firm is awarded less than the full amount requested in its application, this schedule shall be adjusted accordingly.

[8] The payment of $3,000.00 to Amper, Politziner & Mattia ("Amper") is premised upon the entry of an Order granting that firm's fee application in full. To the extent Amper is awarded less than $3,000.00, this schedule shall be adjusted accordingly.

37249/0003-1360932v2

*Approved by Judge Novalyn L. Winfield December 23, 2004*